IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G.R.A.,[1]

                Plaintiff,

v.

FRANK BISIGNANO,[2]
**Commissioner of the Social Security Administration,**

                Defendant.

Case No. 24-2282-DDC

## **MEMORANDUM AND ORDER**

Plaintiff G.R.A. filed this lawsuit seeking judicial review of an adverse benefits decision by the defendant, the Commissioner of the Social Security Administration. Doc. 1. On the Commissioner's motion, Doc. 12, the court reversed the agency's decision under sentence four of 42 U.S.C. § 405(g) and remanded the case, Doc. 13. Plaintiff now has moved for an award of attorney fees and costs under the Equal Access to Justice Act (EAJA). Doc. 15.

Under the "EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). For EAJA purposes, a claimant that

---

[1] As part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption its orders using only plaintiff's initials.

[2] Frank Bisignano was confirmed as the Commissioner of the Social Security Administration earlier this year. The court thus substitutes Mr. Bisignano as the defendant here under Fed. R. Civ. P. 25(d). Under the last sentence of 42 U.S.C. § 405(g), neither the parties nor the court needs to take further action to complete this process.

secures a sentence-four remand order from a federal district court under 42 U.S.C. § 405(g) is deemed a prevailing party. *Id.* at 1168 ("In this social security case, plaintiff obtained a district court remand to the Commissioner of Social Security under the fourth sentence in 42 U.S.C. § 405(g), and she is therefore a prevailing party for purposes of EAJA."). Plaintiff here received such a remand and thus satisfies the first EAJA fee award element. *See* Doc. 13; *see also Hwang v. O'Malley*, No. 23-cv-124 DBP, 2024 WL 5041115, at *1 (D. Utah Dec. 9, 2024) (finding plaintiff a prevailing party where Commissioner "moved via stipulation to remand to the Social Security Administration for further proceedings"). On the second element, "the Commissioner had the burden of proof to show that [his] position was substantially justified." *Hackett*, 475 F.3d at 1172. The Commissioner has not opposed plaintiff's motion, *see* Doc. 15 at 1, so the court considers this second element satisfied. Also, the court can't detect any special circumstances creating an unjust fee award, nor does the Commissioner argue any such circumstances exist. On the contrary, the parties have filed a stipulation to the fee award, suggesting the requested award is appropriate. Doc. 17 at 1. With all three elements satisfied, the court concludes that it must award EAJA attorney fees.

Once "the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008). The burden falls on plaintiff to establish the award, "documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A plaintiff "should exercise billing judgment with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* (quotation cleaned up). "In assessing EAJA fee requests, district courts routinely note that it

typically takes between twenty to forty hours to fully prosecute a social security appeal." *Roxanne C. v. Colvin*, No. CV C23-233 GBW, 2025 WL 89295, at *3 (D.N.M. Jan. 14, 2025) (collecting cases).

Here, plaintiff submits that her attorney worked 17.7 hours on this case. Doc. 15-1 at 1. This total lies below the typical range of 20–40 hours. What's more, plaintiff's attorney provided a detailed summary outlining how he expended each hour. Doc. 15-1 at 1. Multiply these hours by the statute-prescribed $125 hourly rate, adjusted for inflation to $234.85 per hour, and plaintiff calculates $4,156.84 in attorney fees. *Id.* Yet plaintiff requests only $3,900.00 in attorney fees—a reasonably reduced request. Doc. 15 at 1. The Commissioner didn't take issue with a similar hourly rate for attorney fees claimed under the EAJA in 2023. *See Lori A. v. Kijakazi*, No. 21-cv-00101-JCB, 2023 WL 2403677, at *4 (D. Utah Mar. 8, 2023) ("The Commissioner does not take issue with Plaintiff's counsel's claimed hourly rate of $229.77 for 2021 and $244.46 for 2022[.]"). And courts have accepted such hourly rates as reasonable. *See id.*; *see also Hardister v. Kijakazi*, No. 21-cv-50 DBP, 2022 WL 2304284, at *3 (D. Utah June 27, 2022) (awarding attorney fees under EAJA at hourly rate of $229.77). The Commissioner's willingness to stipulate to the fees further suggests reasonableness. Doc. 17 at 1. The court thus concludes plaintiff's fee request—both in terms of hours worked and hourly rate—is reasonable.

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA attorney fee is payable to the plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt the litigant may owe to the United States. In addition, if plaintiff's counsel ultimately receives an award of attorney fees under 42 U.S.C. § 406(b), counsel must refund the smaller award to plaintiff as established in *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Plaintiff's motion also requests "costs in the amount of $405.00." Doc. 15 at 1. The EAJA authorizes an award of costs against the government. *See* 28 U.S.C. § 2412(a)(1); *see also Fruitt v. Astrue*, 604 F.3d 1217, 1220 (10th Cir. 2010) ("[C]osts may not be assessed against a federal agency unless the award is otherwise authorized by law. It is EAJA that provides the necessary authorization." (internal citation omitted)). Our Circuit has concluded that the District of Kansas's local rule governing a party's recovery of costs "may be applied to EAJA cost requests." *See Fruitt*, 604 F.3d at 1220–21 (citing D. Kan. Rule 54.1(a)). And it has suggested that "a district court may specifically order that a prevailing party may be awarded costs by filing a bill of costs within a specified number of days." *Id.* at 1221. The court adopts our Circuit's suggested approach.

**IT IS THEREFORE ORDERED BY THE COURT THAT** under 28 U.S.C. § 2412, plaintiff is granted attorney fees under the EAJA in the amount of **$3,900.00**. The check for attorney fees should be made payable to plaintiff and mailed to plaintiff's attorney's address. Plaintiff may be awarded costs under the EAJA in the amount of **$405.00** by filing a bill of costs within **30 days** of this Order.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 15) is granted.

**IT IS SO ORDERED.**

**Dated this 5th day of December, 2025, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**